# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PERCY TAYLOR | CIVIL ACTION |
| VERSUS | |
| JAMES LEBLANC, ET AL. | NO. 21-00072-BAJ-RLB |

### RULING AND ORDER

Before the Court is Defendants Timothy Hooper and Robin Milligan's **Second Motion to Dismiss (Doc. 23)**. Plaintiff opposed the Motion (Doc. 25). Defendants filed a Reply Brief. (Doc. 26).

For the reasons below, Defendants' Motion is **GRANTED.**

## I. FACTUAL BACKGROUND

This case arises from Plaintiff's allegations that he was overdetained in a Louisiana prison in violation of the Fourteenth Amendment's guarantee to due process. Defendants James LeBlanc, Hooper, and Milligan filed a motion to dismiss Plaintiff's claims against them under a theory of qualified immunity. (Doc. 3). The Court denied the motion with respect to Defendants' invocation of qualified immunity. (Doc. 10). Defendant LeBlanc appealed, and the United States Court of Appeals for the Fifth Circuit reversed, determining that Defendant LeBlanc was entitled to qualified immunity. (Doc. 21).

Now, Defendants Hooper and Milligan bring a Second Motion to Dismiss, asserting that based on the Fifth Circuit's Ruling, they are also entitled to qualified immunity and dismissal of Plaintiff's claims against them. (Doc. 23). For present purposes, the following facts are accepted as true:

On December 14, 1995, Plaintiff Percy Taylor pleaded guilty to a felony drug offense and was sentenced to ten years in prison. (Doc. 4-1 at 2). On December 9, 2000, Plaintiff was released "onto good time parole supervision." (*Id.*). On July 16, 2001, while on parole, Plaintiff committed a new felony offense. (*Id.*); *see also State v. Taylor*, 05-280, p. 3 (La. App. 5 Cir. 12/27/05), 920 So. 2d 287, 290. Although relevant provisions of Louisiana law at the time of the offense required automatic revocation of Plaintiff's parole, Plaintiff was not arrested for this conduct until February 20, 2002. (Doc. 4-1 at 4). Even after his arrest there is no indication that a detainer was filed for Plaintiff's parole revocation, nor was he ever shown to have been in custody on the parole revocation simultaneously with the new felony offense. (*Id.*). Instead, Plaintiff was not informed that his parole was revoked until October 15, 2003, over a year and a half after his arrest. (*Id.* at 2).

Plaintiff remained in custody for 602 days: from February 20, 2002, until October 15, 2003, when he pleaded guilty to the new offense. (*Id.*). He was initially adjudicated as a habitual offender and sentenced to life in prison. (*Id.*). However, the sentence was amended on June 14, 2006, to twenty-years hard labor, "giving Defendant credit for all time served." (*Id.*). Plaintiff alleges that, as such, his sentence actually commenced on February 20, 2002.

Plaintiff further alleges that on October 27, 2017, his "rap sheet" indicated that his "full time" release date was March 16, 2021, and his "good time adjusted date" was May 5, 2020. (Doc. 4 ¶ 11). He asserts that his in-custody start date was allegedly incorrectly calculated because it did not include credit for the 602 days he spent in

pretrial detention. (*Id.*). Plaintiff alleges that he met with Defendant Robin Milligan "seven to ten times" to convince her to correct this error, but that she failed to review Plaintiff's documentation or the applicable law. (*Id.* ¶¶ 15–18). Plaintiff also met with Defendant Tim Hooper, a warden at Elayn Hunt Correctional Center, to address the alleged miscalculation. Hooper, allegedly relying on Milligan's conclusion, also refused to review Plaintiff's documents. (*Id.* ¶ 19).

On May 23, 2018, Plaintiff filed an administrative remedy procedure ("ARP") asserting that "he was not being allowed 18 months of parole credit, which was causing him to be held past his release date, which should have been the last of October 2017 and no later than January 1, 2018." (*Id.* ¶ 20). The ARP was denied by Milligan and signed by Hooper on July 9, 2018. (*Id.* ¶ 21).

Plaintiff appealed and a "2nd Step" was issued on August 30, 2018, affirming Milligan's determination.[1] (Doc. 4 ¶ 34). Plaintiff then appealed the "2nd Step" to the 19th Judicial District Court for East Baton Rouge Parish, Louisiana ("19th JDC"). (*Id.*).

On November 25, 2019, the 19th JDC Commissioner recommended judicial review of Plaintiff's petition and reversal of the Department of Corrections' calculation. The Commissioner further recommended that the state court find that

---

[1] Under Louisiana law, incarcerated individuals must exhaust a two-step ARP before proceeding with a suit in federal or state court. *Collins v. Vannoy*, 2014-0675, p. 3 (La. App. 1 Cir. 1/15/15), 169 So. 3d 405, 406. When an incarcerated person has initiated the first step of an ARP, the warden is required to respond using the first step response. LA. ADMIN. CODE tit. 22, pt. I, § 325(J)(1)(a)(ii). An inmate who is not satisfied with the warden's first step response may proceed to the second step of the ARP and appeal to the Secretary of Louisiana Department of Public Safety and Corrections. LA. ADMIN. CODE tit. 22, pt. I, § 325(J)(1)(b)(ii).

3

Plaintiff was improperly denied credit for the 602 days he was in custody between his arrest and conviction.[2] (*Id.* ¶ 37; Doc. 4-1). The Commissioner found that Defendants misunderstood Plaintiff's request and noted that, in his appeal to prison officials, Plaintiff was specifically challenging the failure to award jail credits for the time he spent in custody between February 20, 2002, and October 15, 2003, rather than credit for time served for good behavior while on parole, "also known as 'street credits.'" (Doc. 4-1 at 3).

At the time of Plaintiff's detention, Louisiana law provided that "a defendant shall receive credit toward service of his sentence for the time spent in actual custody prior to the imposition of sentence." 1997 La. Sess. Law Serv. Act 788 (West) (codified at LA. CODE CRIM. PROC. ANN. art. 880). When Plaintiff was sentenced, there was no express prohibition on overlapping jail credits. An express prohibition was only implemented on August 15, 2006, well after Defendant was sentenced.[3] 2006 La. Sess. Law Serv. Act 174 (West) (codified at LA. CODE CRIM. PROC. ANN. art. 880). Therefore, the Commissioner recommended that Plaintiff be "given credit for time served . . . beginning February 20, 2002 when he was arrested on the new felony offense." (*Id.* at 6). The state court adopted the recommendation on January 13, 2020. (Doc. 4-2) ("**IT IS FURTHER ORDERED, ADJUDGED, and DECREED**

---

[2] "The office of the Commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners." *Anderson v. La. Dep't Pub. Safety & Corrs.*, 2017-0987, p. 3 (La. App. 1 Cir. 2/7/18), 242 So. 3d 614, 616.

[3] LA. CODE CRIM. PROC. art. 880 ("Under the provisions of this Article, no defendant shall receive more than thirty days of jail credit for any calendar month while serving a term for consecutive sentences.").

4

that the Petitioner's master prison record shall be recalculated to show the Petitioner is given credit for time served in both docket numbers . . . from February 20, 2002.").

Plaintiff asserts that after the Commissioner's Recommendation was issued, he personally delivered copies of the report to both Milligan and Hooper, both of whom allegedly refused to abide by the Recommendation. (Doc. 4 ¶¶ 38–39). After the state court adopted the Commissioner's Recommendation, Plaintiff allegedly again delivered copies to Hooper and Milligan, who refused to comply with the court's Order. (*Id.* ¶¶ 48–50). After two weeks, Plaintiff filed another ARP. (*Id.* ¶ 51). On February 18, 2020, Plaintiff was finally released from custody. (*Id.* ¶ 3).

## II. PROCEDURAL HISTORY

On December 11, 2020, Plaintiff filed suit under 42 U.S.C. § 1983 and Louisiana state law against James LeBlanc, individually and in his official capacity as the Louisiana Department of Public Safety and Corrections ("DPSC") Secretary; Timothy Hooper, individually and in his official capacity "as the policy maker and Warden of Elayn Hunt Correctional Center ['EHCC']"; and Robin Milligan, individually. Plaintiff alleges that he was "deprived of his liberty for an extended period of time" due to Defendants' unwillingness to properly credit him for time spent in custody prior to his sentencing. (*Id.* ¶ 109).

In their first Motion to Dismiss, Defendants asserted that Plaintiff's claims should be dismissed because each Defendant is entitled to qualified immunity. (Doc. 3 ¶¶ 4–5).

The Court granted in part and denied in part Defendants' Motion to Dismiss, determining that all three Defendants were not entitled to qualified immunity for the

5

violation of Plaintiff's right to timely release. (Doc. 10 at 8–16). Accordingly, the Court denied Defendants' request to dismiss Plaintiff's Section 1983 claims. (*Id.* at 16).

Defendant LeBlanc appealed the Court's Ruling. (Doc. 11). On appeal, the Fifth Circuit issued a now-withdrawn opinion holding as follows:

> Department officials declined to credit Taylor's pre-trial detention to both of his consecutive sentences. That was correct under current law. *See* LA. CODE CRIM. PROC. art. 880(B). But it was wrong here, because Taylor's release date should have been governed by the law applicable at the time of his sentence. That would have allowed Taylor to credit his jail time to both of his sentences.

*Taylor v. LeBlanc*, 68 F.4th 223, 228 (5th Cir. 2023), opinion withdrawn, No. 21-30625, 2023 WL 4155921 (5th Cir. June 23, 2023). The Circuit continued that "Taylor was entitled to the more generous provision in effect at the time his sentence was entered," and "[a]ccording to the correctly calculated release date, Taylor should have been released over a year earlier." *Id.*

The Fifth Circuit then withdrew its opinion and issued a new one. (Doc. 21). In the new opinion, the Fifth Circuit reversed the Court's Ruling, determining that the Section 1983 claim against LeBlanc should be dismissed. (*Id.*). The Fifth Circuit reasoned that "[b]ecause La. R.S. 15:574.9(E) independently prohibited good time credit *for parole violations*, Taylor should not have received 602 days of credit towards his first sentence" (emphasis in original). (*Id.* at 4). In other words, Plaintiff was entitled to a 602-day credit for only his subsequent sentence and not both sentences. (*Id.* at 3). Therefore, the Circuit concluded, "the prison officials' calculations were correct" and Plaintiff failed to plausibly allege that he was unconstitutionally overdetained. (*Id.* at 2, 4).

6

Now, Defendants Hooper and Milligan again move to dismiss, arguing that the Fifth Circuit's Ruling—that Plaintiff failed to plausibly allege that he was unconstitutionally overdetained—also entitles them to a dismissal of the claims against them. (Doc. 23). For the following reasons, Defendants' Motion is **GRANTED**.

### III.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable

7

to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## IV. DISCUSSION

In their Motion, Defendants Timothy Hooper and Robin Milligan ask the Court to dismiss Plaintiff's Section 1983 claims against them, arguing that the Fifth Circuit's Ruling that Defendant LeBlanc did not violate Plaintiff's constitutional rights also entitles them to dismissal of the claims against them. (Doc. 23 at 1). Plaintiff, in turn, argues the following: (1) the Fifth Circuit's Ruling did not affect Defendants Hooper and Milligan; and (2) Defendants Hooper and Milligan are procedurally barred from requesting that the Court grant them qualified immunity. For the following reasons, this Court grants Defendants' Second Motion to Dismiss.

The Fifth's Circuit's Ruling bears directly on the validity of Plaintiff's claims against Defendants. Because a public official is entitled to qualified immunity unless the plaintiff demonstrates that the defendant violated the plaintiff's constitutional rights, *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011), "[t]o overcome LeBlanc's motion to dismiss, Taylor's complaint must plausibly allege that he was overdetained." (Doc. 23 at 2 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001))). However, the Fifth Circuit "conclude[d] that Taylor did not plausibly allege that he was detained past his proper release date," and that "the prison officials' calculations were correct." (Doc. 23 at 2, 4). The Circuit further concluded that because Plaintiff's Complaint failed to establish a constitutional violation, LeBlanc was entitled to qualified immunity and dismissal of Plaintiff's claims against him.

8

Plaintiff's claims against Defendants Hooper and Milligan are based on the same instance of alleged overdetention. Plaintiff's allegation that his constitutional rights were violated has already been rejected by the Fifth Circuit, and the Court is bound by Fifth Circuit precedent. Based on the Fifth Circuit's Ruling, Defendants Hooper and Milligan are also entitled to qualified immunity and dismissal of Plaintiff's Section 1983 claims against them. *See Omar v. Casterline*, 414 F. Supp. 2d 582, 594 (W.D. La. 2006) (dismissing constitutional claims against officers under the law of the case doctrine after previously dismissing those claims against other officers in the same action); *Baber v. Harris Cnty. Precinct 4 Sheriff*, No. CV H-21-900, 2023 WL 3127690, at *8 (S.D. Tex. Apr. 27, 2023) (granting qualified immunity to a defendant after similarly situated defendants were granted qualified immunity, reasoning that "[t]he Fifth Circuit has held that when one defending party establishes that the plaintiff has no cause of action, the defense can be applied to the benefit of other, similarly situated defendants"); *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983) (The law of the case doctrine is a "rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter."); *United States v. U.S. Smelting Refining & Mining Co.*, 339 U.S. 186, 198 (1950)). Further, the Court is not procedurally barred from reaching a conclusion in this Order that is different from its previous Order, and in fact, must make such a conclusion. *See Zarnow v. City of Wichita Falls*, 614 F.3d 161, 171 (5th Cir. 2010) (Section 1983 plaintiff "contend[ed] that the district court could not properly grant

summary judgment to the City on the same issues decided in the prior order. However, the law-of-the-case doctrine [did] not operate to prevent a district court from reconsidering prior rulings. 'A court has the power to revisit prior decisions of its own . . . in any circumstance. . . .'") (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

On the record before it, the Court is constrained to conclude that Plaintiff's Complaint fails to establish a constitutional violation. Therefore, Defendants' **Second Motion to Dismiss (Doc. 23)** is **GRANTED.**

V. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants Timothy Hooper and Robin Milligan's **Second Motion to Dismiss (Doc. 23)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Section 1983 claims against Defendants Hooper and Milligan are **DISMISSED WITH PREJUDICE**.

Final judgment shall be entered separately.

Baton Rouge, Louisiana, this 24th day of February, 2026

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**